UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINETTE MARIE HOWARD,

    Plaintiff,

Case No. 16-cv-13851
Hon. Matthew F. Leitman

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #13) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #12), (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #9), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #11), AND (4) ADOPTING RECOMMENDED DISPOSITION IN THE REPORT AND RECOMMENDATION (ECF #12)**

In this action, Plaintiff Antoinette Marie Howard challenges the denial of her application for disability insurance benefits under the Social Security Act. (*See* Compl., ECF #1.) Both Howard and Defendant Commissioner of Social Security Administration (the "Commissioner") filed motions for summary judgment. (*See* Howard's Mot. Summ. J., ECF #9; Commissioner's Mot. Summ. J., ECF #11.) The assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court (1) grant the Commissioner's motion for summary judgment and (2) deny Howard's motion for summary judgment (the "R&R"). (*See*

ECF #12.) Howard has filed objections to the R&R (the "Objections"). (*See* ECF #13.) As set forth below, the Court **OVERRULES** Howard's Objections, **DENIES** Howard's motion for summary judgment, **GRANTS** the Commissioner's motion for summary judgment, and **ADOPTS** the recommended disposition in the R&R.

# I

## A[1]

On May 31, 2014, Howard filed her application for disability insurance benefits. (*See* Admin. R., ECF #7-2 at Pg. ID 41.) She also filed an application for supplemental security income on that same day. (*See id.*) Howard claimed disability based upon a subarachnoid hemorrhage that resulted from a ruptured aneurysm, right-side stroke, diabetes, aneurysm, and lung collapse. (*See* Admin R., ECF #7-6 at Pg. ID 218.) Howard also developed and was treated for deep vein thrombosis ("DVT") after her aneurysm. (*See* Admin. R., ECF #7-8 at Pg. ID 529-30.) The Social Security Administration (the "SSA") denied Howard's application for benefits on the ground that Howard was not disabled. (*See* Admin. R., ECF #7-4 at Pg. ID 130.)

---

[1] The Court recites only the facts relevant to the Objections. A full description of the facts is available in the R&R. (*See* R&R, ECF #12 at Pg. ID 945-48.)

Howard thereafter requested and received a *de novo* hearing before an administrative law judge (the "ALJ"). The ALJ held a hearing on January 28, 2016. Howard and an impartial vocational expert testified at the hearing.

On February 25, 2016, the ALJ issued a written decision in which she affirmed the SSA's denial of benefits. (*See* Admin. R., ECF #7-2 at Pg. ID 41-56.) The ALJ found that Howard suffered from the following severe impairments: "obesity, minimal osteoarthritis of the right knee, arthralgia of the left hip with hypertrophic bony changes, ruptured aneurysm with subarachnoid hemorrhage, right cerebrovascular accident, generalized anxiety disorder, and cognitive disorder . . . ." (*Id.* at Pg. ID 44.) The ALJ also determined that Howard had the following non-severe impairments: "diabetes mellitus, hypertension, acute deep venous thrombosis of the legs, acute kidney injury, and anemia." (*Id.*) The ALJ specifically noted that Howard "had deep venous thrombosis of the right leg as shown by an April 27, 2014 bilateral lower extremity venous study" but that "there is no evidence of any ongoing symptoms due to this condition, and it appears to have resolved." (*Id.*)

The ALJ concluded that Howard's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely credible for the reasons explained in this decision." (*Id.* at Pg. ID 49.) The ALJ first noted that Howard's employment was more extensive than her testimony suggested:

> [C]ontrary to claimant's testimony of working [the home
> health care services] job only around July 2014, her

3

> earnings records indicate that she worked this job prior to her aneurysm and stroke in April 2014 and that she continued to work this job for the Department of Community Health Home through the fourth quarter of 2015.
>
> . . .
>
> It [] reflects extremely poorly upon her credibility; she appeared evasive about all of my questions to her regarding this matter.

(*Id.*)

The ALJ added that "[a] detailed review of the objective medical evidence reveals that the claimant is not as limited as alleged." (*Id.* at Pg. ID 49.) The ALJ explained that the medical records showed Howard had a "dramatic recovery" from her aneurysm and subsequent inpatient rehabilitation. (*Id.*) The ALJ also noted that Howard's complaints of pain in her right knee and left hip were more recent; there was no evidence in the record that Howard had previously complained of pain in her right elbow; Howard was not seeking treatment for her anxiety; and that Howard did not have any difficulty with her memory at a psychological examination. (*See id.*)

The ALJ also highlighted other evidence contradicting Howard's claimed disability. For instance, the ALJ noted that Howard indicated to her physician that "she wanted to adopt a baby and was entering into the foster parent system," and the ALJ found that plan to be "inconsistent with [Howard's] stated symptoms and functional limitations." (*Id.* at Pg. ID 53.) The ALJ also observed that Howard's

4

report of throbbing pain in her right knee was undercut by a one-year gap of treatment in the record. (*Id.* at Pg. ID 52-53.)

The ALJ determined that Howard had the Residual Functional Capacity ("RFC") to perform sedentary work with a number of limitations, including that she should be limited to "more restrictive postural limitations" and "no foot control operation." (*Id.* at Pg. ID 47, 53.)

The ALJ ultimately concluded that Howard was not disabled and that there were jobs that existed in significant numbers in the national economy that Howard could perform. (*See id.* at Pg. ID 56.)

The Appeals Council of the Social Security Commission denied Howard's request to review. (*See id.* at Pg. ID 33.)

**B**

On October 31, 2016, Howard filed this action in which she challenges the SSA's denial of benefits. (*See* Compl., ECF #1.) Howard and the Commissioner then filed cross-motions for summary judgment. (*See* Howard's Mot. Summ. J., ECF #9; Commissioner's Mot. Summ. J., ECF #11.)

The Court referred the cross-motions to the assigned Magistrate Judge. On October 24, 2017, the Magistrate Judge issued the R&R in which she carefully analyzed the arguments in the summary judgment motions. (*See* R&R, ECF #12.) The Magistrate Judge rejected Howard's contentions that the ALJ failed to

adequately consider the side effects from Howard's medications on her ability to work and the impact of Howard's DVT. (*See id.* at Pg. ID 949-52.) The Magistrate Judge also rejected Howard's argument that the ALJ's RFC was not supported by substantial evidence. The Magistrate Judge noted that the RFC was supported by opinions from the psychological consultative examiner and state agency consultant. (*See id.* at Pg. ID 952-53.) Finally, the Magistrate Judge found no compelling reason to disturb the ALJ's conclusion that Howard was not entirely credible. (*See id.* at Pg. ID 953-56.) The Magistrate Judge observed that Howard's work history was more extensive than her testimony suggested and that, as the ALJ noted in her decision, other evidence contradicted Howard's testimony. (*See id.*)

On November 8, 2017, Howard filed the Objections.[2] (*See* ECF #13.) Howard objects to the R&R on three grounds. Howard first objects that "[t]he Magistrate erred in finding that the ALJ's credibility determination was supported by substantial evidence." (*Id.* at Pg. ID 959.) Howard next objects that that the Magistrate Judge and ALJ failed to consider the impact of her DVT on her ability to work. (*See id.* at Pg. ID 962-63.) Howard finally objects that "[t]he Magistrate erred in finding the ALJ's decision was supported by substantial evidence" because the ALJ and

---

[2] Although Howard's Objections were untimely, the Court has still considered, and ultimately overrules, each of the Objections.

6

Magistrate Judge misconstrued evidence and made various legal errors. (*Id.* at Pg. ID 963-64.) The Court will address each objection in turn.

## II

### A

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### B

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even

7

where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citations and quotations omitted).

## III

## A

The Court first overrules Howard's objection to the Magistrate Judge's conclusion that the ALJ's credibility decision was supported by substantial evidence.

The Court notes at the outset that this objection is deficient because it focuses almost entirely on the ALJ's ruling and says almost nothing about the Magistrate Judge's analysis in the R & R. An objection to a report and recommendation must address alleged flaws *in the Magistrate Judge's analysis*. *See Fields v. Lapeer 71-A Dist. Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001). Where an objecting party fails to focus the district court's attention on a specific flaw in the Magistrate Judge's analysis, "the initial reference to the magistrate [ends up being] useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 2001).

This objection mentions the Magistrate Judge's analysis two times. The first reference to that analysis is the conclusory assertion that the Magistrate Judge

8

"erroneously agreed" with the ALJ's credibility determination. That statement says nothing about how the Magistrate Judge supposedly erred. Howard also criticizes the Magistrate Judge for going even "further" than the ALJ by "citing Plaintiff's optimistic desire to foster and adopt children as evidence that she was being untruthful about her abilities." (Objections, ECF #13 at Pg. ID 961.) But the suggestion that the Magistrate Judge went "further" than the ALJ in this regard is inaccurate. As noted above, the ALJ cited Howard's intention to adopt and foster children as casting doubt on Howard's testimony concerning her symptoms and functional limitations. (*See* Admin. R., ECF #7-2 at Pg. ID 53.)

Notwithstanding the shortcomings in Howard's objection, the Court has reviewed the ALJ's assessment of Howard's credibility and finds no basis to reject it. "[A]n ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (citations and quotations omitted). "'The claimant's credibility [regarding the intensity and persistence of symptoms] may be properly discounted to a certain degree . . . where an [ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence.'" *Keeton v. Comm'r of Soc. Sec.*, 583 Fed. App'x 515, 532 (6th Cir. 2014) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004)). A court may not disturb an ALJ's credibility

9

determination "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Howard has not presented a compelling reason to reject the ALJ's credibility assessment. Howard argues that the ALJ wrongly determined that Howard substantially understated the amount of work she performed during her alleged period of disability and that the ALJ unfairly "discredit[ed] Howard in . . . an extreme way" based upon the perceived understatement. But the ALJ was correct. Howard did materially understate the work she performed. Howard testified that since April 9th, 2014 (the alleged start of her disability), she "did a little bit of work" in human health care services for a single month – "roughly, like July, of 2014." (Admin. R., ECF #7-2 at Pg. ID 67.) However, Howard's earnings records showed that "she worked this job prior to her aneurysm and stroke in April 2014 and that she continued to work this job . . . through the fourth quarter of 2015." (*Id.* at Pg. ID 44; *see* Admin. R., ECF #7-5 at Pg. ID 210.) In addition, the ALJ also noted that she "appeared evasive" during this questioning. (Admin. R., ECF #7-2 at Pg. ID 44.)

Moreover, the ALJ reasonably relied on other evidence contradicting Howard's description of her physical and emotional symptoms to support her unfavorable assessment of Howard's credibility. For instance, the ALJ observed, among other things, that:

- Howard's treatment records indicated that Howard "made a dramatic recovery" from her aneurysm. (*Id.* at Pg. ID 49.)

10

- Howard did not complain of pain in her right knee and left hip "until more recently." (*Id.*)

- "There are also no records of any ongoing complaints of or treatment for right hand numbness or right elbow pain." (*Id.*)

- Howard was not seeking any treatment for anxiety. (*See id.*)

- Howard "did not exhibit any difficulty with her memory during her October 2014 psychological consultative examination." (*Id.*)

- There was a gap of treatment of about one year until an October 2015 right knee x-ray report that showed only minimal degenerative changes without definite fracture or dislocation. (*See id.* at Pg. ID 52.)

On this record, the Court finds no compelling reason to disturb the ALJ's credibility finding. Accordingly, the Court **OVERRULES** Howard's first objection.

**B**

Howard next argues that the Magistrate Judge erroneously approved the ALJ's analysis of her DVT, and Howard insists that the ALJ's errors with respect to her DVT warrant a remand "for a proper consideration of that condition." (Objections, ECF #13 at Pg. ID 963.) The Court disagrees.[3]

---

[3] It is unclear if Howard is arguing *both* that the ALJ erred in not finding her DVT severe *and* in not properly considering how the DVT impacted Howard's ability to work. The heading to Howard's objection is that "[t]he Magistrate erred when she found that the ALJ's analysis and finding that Plaintiff's DVT in her right leg were non-severe were supported by substantial evidence." (Objections, ECF #13 at Pg. ID 962.) But Howard only argues in the body of her objection that the ALJ failed to

11

Howard insists that the ALJ erred when he concluded that "there is no evidence of any ongoing symptoms due to [Howard's DVT], and it appears to have resolved." (Admin. R., ECF #7-2 at Pg. ID 44.) Howard says that her own testimony concerning her leg pain and throbbing demonstrates that she suffered ongoing symptoms from her DVT. (Objections, ECF #13 at Pg. ID 962-63.) However, the ALJ did not unreasonably conclude that Howard failed to link her claimed leg pain to her DVT. Howard suffered from other conditions – including osteoarthritis of the knee and arthralgia of the hip – that could have caused her leg pain. (*See* R&R, ECF #12 at Pg. ID 951-52.) Moreover (and in any event), as noted above, the ALJ reasonably found that Howard's reports of her symptoms were not entirely credible, and thus Howard's own testimony does not provide strong support for her claim that her DVT had a substantial impact on her functional abilities.

Finally, Howard has not shown that any error by the ALJ in discounting her claimed leg symptoms from her DVT had any material effect on the ALJ's determination of her RFC. The ALJ *did* incorporate Howard's limitations from her

---

consider how DVT affects her ability to work. The Court will not consider Howard's argument that the ALJ erred in classifying her DVT as non-severe because Howard did not present that argument to the Magistrate Judge and has not presented a compelling reason for the Court to consider it now. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act . . . permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

other leg conditions into the RFC. As the R&R accurately notes, "[t]he ALJ factored Howard's osteoarthritis of the knee, arthralgia of the hip, and obesity into the RFC, and limited her to sedentary work with no foot control operations." (R&R, ECF #12 at Pg. ID 952.). Howard has not shown that considering the impact of the DVT would have led to a more restrictive RFC. The Court **OVERRULES** Howard's second objection.

## C

Finally, Howard objects that "[t]he Magistrate erred in finding the ALJ's decision was supported by substantial evidence." (Objections, ECF #13 at Pg. ID 963.) Howard contends that the ALJ and Magistrate Judge "misconstrued medical evidence and testimony" and made "the above outlined legal errors and/or all of the legal errors outlined in Plaintiff's Motion for Summary Judgment." (*Id.* at Pg. ID 964.) This general objection is inadequate. Howard fails to identify the evidence that she claims the Magistrate Judge or ALJ misconstrued or overlooked, and she refers only to unspecified "above outlined legal errors" and "all of the legal errors outlined in Plaintiff's Motion for Summary Judgment." (*Id.*) Where a party presents objections that do "not specifically address how [a] report's factual and legal recommendations [are] incorrect," those objections are "waived." *Fields*, 2 Fed. App'x at 482; *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of

13

contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to discern those issues that are dispositive and contentious."). Howard's general objection that the evidence was misconstrued and general reference to legal errors is insufficient to warrant the Court's review. *See Hartsfield v. Comm'r of Soc. Sec.*, No. 16-10473, 2017 WL 1160624, at *4 (E.D. Mich. Mar. 29, 2017) (holding that an "objection [which] does not specify or explain how the ALJ or magistrate judge 'misconstrued' the evidence or what the 'outlined legal errors are . . . amounts to little more than a general objection, which 'has the same effect as would a failure to object'" (quoting *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Accordingly, the Court **OVERRULES** this objection.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Howard's Objections to the R&R (ECF #13) are **OVERRULED**;

- Howard's Motion for Summary Judgment (ECF #9) is **DENIED**;

- The Commissioner's Motion for Summary Judgment (ECF #11) is **GRANTED**; and

- The Court **ADOPTS** the recommended disposition in the R&R (ECF #12).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2017, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764